**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60584
Summary Calendar
_____

MARC ANTONIO IZQUIERDO GUEVARA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70-674-946
--------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Izquierdo Guevara ("Izquierdo") challenges a
final order of removal issued by the Board of Immigration Appeals
("The Board") on June 11, 2002.  The Board summarily affirmed
the Immigration Judge's ("IJ's") decision pursuant to 8 C.F.R.
§ 3.1(a)(7).[**]  Where, as here, the Board expressly adopts and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[**] This provision has been renumbered.  It is now 8 C.F.R.
§ 1003.1(a)(7).  See 68 Fed. Reg. 9831 (Feb. 28, 2003).

affirms the IJ's decision, this Court reviews the IJ's decision as if it were the Board's. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

Izquierdo contends that this court should apply a less deferential standard of review to the IJ's findings because the ruling involved mixed findings of fact and law. Izquierdo's contention that this court should apply a less deferential standard lacks merit because the IJ made credibility determinations and this court gives great deference to an IJ's determinations regarding credibility. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

Izquierdo argues that the Board failed to review the IJ's decision, thereby failing to review his case. Izquierdo's argument is foreclosed. See Soadjede v. Ashcroft, ___ F.3d ___ (5th Cir. Mar. 28, 2003), 2003 WL 1093979.

Izquierdo also argues that the IJ failed to make explicit findings regarding his credibility, and that the IJ assigned undue weight to the discrepancies between his asylum application and the testimony he presented at his hearing. The IJ made the following findings regarding Izquierdo's credibility: (1) Izquierdo misrepresented on his asylum application his position at the bank in Peru, (2) Izquierdo asserted that he was not provided with protection while working at the bank, but he later admitted that he received assistance from officials while working at the bank, and (3) Izquierdo alleged that he was

constantly threatened, but testified at his hearing that over a period of seven years at the bank he received approximately 10 threatening phone calls. This court will not reverse decisions based upon credibility determinations. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). Izquierdo's arguments lack merit because the IJ made findings regarding his credibility and because the IJ's credibility finding is a reasonable interpretation of the record. See Chun, 40 F.3d at 78-79.

Finally, Izquierdo argues that although his family remained in Peru after he left, the IJ assigned undue weight to this fact. Izquierdo and his family, which included his wife, children, and mother, lived in the family home the entire time that Izquierdo alleged he was harassed and threatened. Furthermore, Izquierdo's wife and children remained in Peru, without incident, for approximately one and a half years after Izquierdo left for the United States. Izquierdo failed to demonstrate a well founded fear of persecution if he was returned to Peru. See Matter of A-E-M-, 21 I&N Dec. 1157, 1160 (BIA 1998).

The petition for review of the BIA's decision denying Izquierdo's asylum application is denied.

PETITION DENIED.